UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY PETER LAHEY LCC EOE, *Pro Se*, | ) ) ) | Case No.: 1: 21 CV 2302 |
| Plaintiff | ) ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) ) | |
| L. BRYAN CARR CO. LPA, | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendant | ) | |

*Pro Se* Plaintiff Timothy P. Lahey has filed an *in forma pauperis* Complaint against Defendant L. Bryan Carr Co. LPA. (Doc. No. 1.) Plaintiff appears to complain about Defendant's legal representation, but his one-paragraph Complaint does not set forth clear factual allegations or legal claims, or a clear specific request for relief.  In total,  Plaintiff's Complaint alleges:

> I hired L. Bryan Carr as Representative WITHOUT REGISTRATION AS ATTORNEY AT LAW FROM THE SUPREME COURT OF OHIO. L. Bryan Carr did not attend Ohio State University School of Law. L. Bryan Carr was in Business with Tandy Corp. 1997 at Cleveland Convention YUGO Automobile Ownership. Tracking Company YUGO Express I-71 L. Bryan Carr.  RETAINER TO REPRESENTATIVE of $11,000.00 for services not performed with Due Diligence and in Time Allotted as Deed Ownership.  Appointment as Trustee Deed ONLY GIVEN WITHOUT STATE OF OHIO.  NO ATTORNEY OFFICE PAPER. Transmitter Alarms at Courthouse.

(*Id*. at 1.)

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment accorded *pro*

*se* plaintiffs has limits. *See e.g., Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996). *Pro se* litigants must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. 2001).

District courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010). To survive a dismissal for failure to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

The Court finds that Plaintiff's Complaint must be dismissed in accordance with § 1915(e)(2)(B). Even liberally construed, the statements and allegations set forth in the Complaint do not meet basic pleading requirements or suggest Plaintiff has any plausible federal claim against

the Defendant upon which he may be granted relief. And even assuming Plaintiff is seeking to assert a state-law claim of legal malpractice, this Court lacks subject-matter jurisdiction. For a federal court to have jurisdiction over a state-law claim, a plaintiff must demonstrate that the parties are of completely diverse citizenship and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Plaintiff has not demonstrated a basis for an exercise of diversity jurisdiction.

**Conclusion**

Accordingly, Plaintiff's application to proceed *in forma pauperis* in this matter (Doc. No. 2) is granted, and his Complaint is hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

March 11, 2022